TAYLOR, Judge.
The appellant, Lucius King, pleaded guilty to possession of cocaine in violation of § 20-2-70, Code of Alabama 1975. He was sentenced to 10 years.
A search was conducted at the residence of the appellant, where one gram of cocaine was found. The appellant was subsequently arrested and charged with possession. Prior to trial, a plea bargain agreement was negotiated between the appellant and the district attorney. For his plea of guilt, the district attorney agreed to a sentence of two years. The trial court explained to appellant his rights in accepting his plea, complying with all of the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
At his sentencing, the trial court sentenced King to two years’ imprisonment and denied probation, in accordance with the sentencing agreement. However, the written judgment in this case reflects a sentence of ten years. There is, therefore, a conflict in the record as to whether the appellant was sentenced to two years’ imprisonment or ten years’ imprisonment. We could determine the sentence on the basis of legal presumptions as regards which of the two prevailed. We deem it more realistic and practical, however, to send the case back to determine the true intent of the sentencing authority. Under the provisions of Rule 10(f), Alabama Rules of Appellate Procedure, we remand this case to the circuit court for proceedings to establish the intention of the sentencing court. The appellant is deemed to have pleaded guilty in reliance on the sentencing agreement. In the event that the intention of the court was to impose a sentence at variance with that arrived at in the negotiated sentencing agreement, then the appellant must be given an opportunity to withdraw his plea of guilty, enter a plea of not guilty, and proceed to trial. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).
REMANDED WITH DIRECTIONS.
• All the Judges concur.
*163 ON RETURN TO REMAND
TAYLOR, Judge.
The return to remand by the Circuit Court for Dallas County states in its entirety as follows:
“RETURN ON REMAND
“1-26-87, The Defendant enters a plea of guilty to Possession of Cocaine June 6, 1986, as charged in the indictment and was accordingly adjudged to be guilty and as punishment for said offense is sentenced to the Penitentiary of Alabama for twenty years concurrent with CC-86-296-A and CC-86-297.
“/s/ Charles A. Thigpen “Judge”
This record is then certified.
As recited in our original remand opinion, the original record reflects a sentencing agreement of two years’ imprisonment and the transcript shows that the court sentenced the appellant to two years’ imprisonment. However, the written judgment in the case reflects a sentence of ten years. We remanded the case for the sentencing authority to clarify the question of whether it intended to sentence the appellant to two years or to ten years. Of course, the return quoted interjects a third sentence into the case, twenty years’ imprisonment. We originally remanded the case to the circuit court under the provisions of Rule 10(f), Rules of Appellate Procedure, “... for proceedings to establish the intention of the sentencing court.” It is again necessary that we do this.
The most recent sentence imposed by the circuit court fails to reflect whether the defendant was present and represented by counsel at the time of sentencing, and the court is directed to conduct a constitutional, lawful sentencing hearing. The appellant contends that he pleaded guilty in reliance on a sentencing agreement by the terms of which he was to receive two years’ imprisonment. The transcript of the original proceedings appears to bear out the factual contentions of the appellant as to the existence of a sentencing agreement. The circuit court is directed to conduct a hearing to ascertain whether or not there was a sentencing agreement for two years’ imprisonment. In the event the court finds there was a valid sentencing agreement, then, of course, the accused is entitled to rely on that sentencing agreement. As we have previously directed: “In the event that the intention of the court was to impose a sentence at variance with that arrived at in the negotiated sentencing agreement, then the appellant must be given an opportunity to withdraw his plea of guilty, enter a plea of not guilty, and proceed to trial. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 80 L.Ed.2d 427 (1971).”
For the reasons as set out above, this matter is again remanded to the Circuit Court of Dallas County, Alabama, with specific instructions. At the conclusion of the proceedings in the circuit court, the court is ordered to return to us a copy of the transcript of the hearing or hearings conducted, together with a copy of its order, or orders, for further review'.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
TAYLOR, Judge.
The circuit court, pursuant to our directions, held a hearing to ascertain whether there was a sentencing agreement of two years’ imprisonment at the time Lucius King pleaded guilty to possession of cocaine on January 6, 1986. The record reflects that appellant was present with his attorney when the court, at the conclusion of the hearing, sentenced appellant to two years’ imprisonment in accordance with the original plea-bargain agreement. Appellant’s conviction and sentence are affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.